PeüRsoit, 'O. J.
 

 The evidence in this case, leaves the matter so nearly on a balance, as to require very great consideration on the part of the jury, in order to determine on which ^ide the truth preponderates. When that is the case, it is of the utmost .importance that the words used by the Judge, in .giving his charge, should be precise and accurate and not ,suce¡ptibie of .-a meaning 'which would be calculated to mislead ithe’jury. Iiis Honor puts the case on the credit of the prosecutor,. Jones, and instructs the jury, that it was
 
 thdr duty
 
 to reconcile the testimony, if
 
 possible,
 
 and then suggests that a “ collision” between the witness, Jones, and Bailey, the witness for the defendant, might be avoided, on the supposition that Jones was mistaken as to the date of the supposed
 
 *141
 
 trading with the slave. It is a rule of law, based: on .the principle, that nO'witness, either on the side-of the prosecutor, or the defense, shall, be presumed to have committed; perjury; that the witnesses should not be put in collision, ánd'a. perjury on-the one side or the other made inevitable, if'the collision can be avoided, by any other fair and. reasonable view of the case, as presented, by the whole of the evidence. We presume-his Honor intended so to-be understood";' but his. words are much stronger,.and were calculated' to mislead.
 

 His Honor also instructs the jury, that in regard-to the alleged contradiction of the witness, Jones, in that He had'said in conversation before-the trial, that all he hnew of the-ne-*-gro’s having taken, the-meat and trading it to the - defendant-was from what the negro had told him, whereasj-on his oath,, he stated that he had detected the negro in
 
 the very.,- act oft' talcing the
 
 meat, and had-, gone with him, and was present when the defendant committed,
 
 the v&ry act of trading,
 
 with-the slave, so thathe had caught the defendant.in.the-act, that this contradiction of the<witness, Jones, was an
 
 immaterial’
 
 matter,- and
 
 went to Ids credit,Sí.
 
 the jury believed! it. ( There-had been- no- objection to- the competency of the witness,. Jones, so-we do-not clearly understand.what his Honor means-by the words, “'went to his-cred-it,” in-the connection in which, they were used. Of course, this contradiction went to - his-credit, for it bore on
 
 the veryftcsct,
 
 and ought to have, had a. very decided-weight with the jury, if they believed it, .in-estimating the credit to which the testimony, of the witness,. Jones, was entitled. There is- error:
 

 Per GuriaM, Judgment reversed!.